UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Anthony M. Perrino

    v.                        Case No. 20-cv-941-JL

Alexis White et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff Anthony M. Perrino, who is a prisoner at the Northern New Hampshire Correctional Facility ("NCF"), filed a civil rights complaint (Doc. No. 1), under 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment rights by forcing him to have his orthodontic braces removed, and denying him treatment to relieve his pain during and after that process. On initial review, the court concluded that Mr. Perrino's allegations were not at that time sufficient to state Eighth Amendment claims, but gave him an opportunity to amend the complaint to add allegations providing additional facts to support his claims. See July 1, 2021 Order (Doc. No. 4). Mr. Perrino has now filed an amended complaint (Doc. No. 5) which,

---

[1] The defendants identified in the complaint (Doc. Nos. 1, 5) are New Hampshire State Prison ("NHSP") Dental Provider Alexis White; NHSP Lt. Morin, whose first name is unknown; NHSP Capt. FNU Castallano; and NHSP Warden Michelle Edmark.

along with the initial complaint (Doc. No. 1),[2] is before this Court for preliminary review.[3]

## **Background**

Mr. Perrino, who was twenty-two at the time he filed this action, alleges that when he was a teenager, prior to his incarceration, he experienced pain in his upper and lower jaws. His dentist at the time told him that many of his teeth were growing sideways, which was affecting other teeth.  The dentist said that Mr. Perrino needed to address the problem to prevent lifelong problems with eating, talking, infections, loss of teeth, and other issues.  Mr. Perrino's dentist said that the appropriate remedy for Mr. Perrino's dental situation was to have braces placed on his teeth and to keep them in place. Without braces, the dentist said, Mr. Perrino would require operations on his jaw, would have difficulty communicating, and would have severe cosmetic issues.  Based on the dentist's advice, Mr. Perrino had braces put on his teeth.

---

[2] Mr. Perrino's initial complaint (Doc. No. 1) and amended complaint (Doc. No. 5) are construed, together, to be the operative complaint in this matter for all purposes.

[3] The Court reviews the complaint applying the standard set forth in the July 1, 2021 Order (Doc. No. 4, at 1-2).

When he entered the New Hampshire State Prison for Men ("NHSP"), Mr. Perrino alleges that Alexis White, a dental provider at the NHSP, told him that his braces were a security issue and would have to be removed.  Mr. Perrino told Ms. White and Lt. Morin that he did not want the braces removed because of his former dentist had stated that the braces must remain in place for the required amount of time, which had not yet expired, to avoid the serious problems and issues described above.  Mr. Perrino states that Ms. White, Lt. Morin, and NHSP Capt. Castallano told him that if he did not consent to the removal of his braces, he would be assigned to punitive segregation in the Secure Housing Unit ("SHU"), with a "Class A upgrade."  Doc. No. 1, at 3-5.  Believing he had no choice, Mr. Perrino allowed his braces to be removed.

Mr. Perrino asserts that the removal process was painful, and caused chafing and bleeding of his gums.  Mr. Perrino asserts that since the removal of his braces, he has pain in his teeth and jaw that makes it difficult for him to eat and to sleep.  Mr. Perrino alleges that he was not given any medication to relieve the pain and discomfort during or after the removal process.  Mr. Perrino also alleges that he has experienced anxiety, panic, anger, and depression because of the removal of his braces.

**Discussion**

I. <u>Eighth Amendment Claims</u>

   A. <u>Legal Standard</u>

Mr. Perrino contends that the defendants' actions, with regard to the forceful removal of his braces, violated his Eighth Amendment right to be provided with adequate care for his serious medical and dental needs. To state an Eighth Amendment claim of inadequate health care, the plaintiff must allege facts to satisfy both an objective element and a subjective element of the claim. See Snell v. Neville, 998 F.3d 474, 495 (1st Cir. 2021). The objective element requires allegations to show that the plaintiff has a "'serious medical need'" requiring treatment "for which the defendants provided inadequate care." See id. (alteration and citation omitted). The subjective element requires the plaintiff to assert facts to show that the defendants were deliberately indifferent to his serious medical need. See id. An Eighth Amendment medical care claim may arise out of the allegation that a prisoner received inadequate dental care. See Eugene v. Deville, 791 F. App'x 484, 484 (5th Cir. 2020).

   B. <u>Serious Medical Need</u>

A prisoner may demonstrate a serious medical need by asserting facts to show that he has a medical need "which [is]

4

either diagnosed by physicians" as requiring treatment, or which is "'so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Snell, 998 F.3d at 495. With regard to the provision of adequate care:

> prison officials are not required to render ideal care, let alone cater to an inmate's preferred healthcare regimen. They simply must provide care at "a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards." Moreover, "[t]he law is clear that where two alternative courses of medical treatment exist, and both alleviate negative effects within the boundaries of modern medicine, it is not the place of [the] court to second guess medical judgments . . .."

Id. (internal citations omitted). As Mr. Perrino alleges that his braces were prescribed and put on by his dentist to address serious issues with his teeth and jaw, with the warning that the braces would have to remain in place to avoid serious future consequences, he has stated sufficient facts to demonstrate that he has a serious medical condition in need of treatment.

  2.  Deliberate Indifference

"Deliberate indifference appears when defendants had a 'sufficiently culpable state of mind' by ignoring (or worsening) the inmate's serious medical need." Id. at 497 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1970)). "Deliberate indifference is therefore more than negligence, or the 'ordinary lack of due care for the prisoner's interests or safety,' yet it need not be

5

intentional harm. The defendants must have known of the risk of harm to the plaintiff and disregarded it." Snell, 998 F.3d at 497 (citations omitted). The denial of care to punish a prisoner, care that was so inadequate as to shock the conscience, or to amount to a refusal to provide any care at all may be said to be deliberately indifferent. See id.

Mr. Perrino alleges that he told the defendants that he needed braces because of the problems with his teeth and jaw, and that, despite that knowledge, they forced him to have the braces removed. In addition, a reasonable inference may be drawn that the defendants would have known that the braces were applied by a dentist or orthodontist, which encompasses an inference that the defendants knew the braces were prescribed to treat a serious dental issue, and that the defendants nevertheless forced Mr. Perrino to have the braces removed. Mr. Perrino further alleges, with regard to Ms. White, that she failed to provide him with necessary pain medication during and after the removal of his braces, in disregard of his pain.

The Court finds that Mr. Perrino has stated cognizable Eighth Amendment claims for inadequate dental care, for the removal of his braces, against defendants Ms. White, Lt. Morin, and Capt. Castallano. Additionally, Mr. Perrino's allegations are sufficient to support a claim against Ms. White for inadequate care for denying Mr. Perrino pain during and after

the removal of his braces.[4]  Accordingly, in an Order issued simultaneously with this Report and Recommendation, the Court directs service of Mr. Perrino's Eighth Amendment claims on Ms. White, Lt. Morin, and Capt. Castallano.

II.  Supervisory Liability

Mr. Perrino has sued NHSP Warden Michelle Edmark in this action, alleging that she bears responsibility for the Eighth Amendment violations asserted against Ms. White, Lt. Morin, and Capt. Castallano.  A supervisory prison official, such as Warden Edmark, is liable for a constitutional violation under § 1983 only if her own actions or inactions caused the violation, or if her conduct "led inexorably to the constitutional violation" by a subordinate.  Penate v. Hanchett, 944 F.3d 358, 367 (1st Cir. 2019).  Mr. Perrino asserts no allegations concerning any action or failure to act by Warden Edmark which directly or indirectly caused a violation of his constitutional rights, and her position as the NHSP Warden, without more, is insufficient to render her liable for the conduct of her subordinates.

---

[4] Mr. Perrino alleges that after he was transferred to NCF he requested pain medication.  If he seeks to assert any claim for the denial of pain medication against any individual at NCF, he must do so by filing a motion to amend his complaint to add those claims and to join defendants to this action.

Therefore, Mr. Perrino has not stated any claim against Warden Edmark, and she should be dismissed from this case.

## Conclusion

For the foregoing reasons, any claims asserted against NHSP Warden Edmark, and Warden Edmark herself, should be dismissed from this action. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 21, 2021

cc:  Anthony M. Perrino, pro se